O

# United States District Court
# Central District of California

| | |
|---|---|
| FLORENICO PACLEB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXCLUSIVE GETAWAY VACATIONS;<br>THE CORAL RESORTS; DOES 1–10,<br>inclusive,<br><br>　　　　Defendants. | Case No. 2:14-cv-01159-ODW(AGRx)<br><br>**ORDER DENYING STIPULATION EXTENDING DATE BY WHICH PLAINTIFF MUST FILE A MOTION FOR CLASS CERTIFICATION [16]** |

　　　　On March 27, 2014, the parties filed a Stipulation Extending Date by Which Plaintiff Must File a Motion for Class Certification. (ECF No. 16.) They wish to extend the deadline from June 1, 2014, to September 24, 2014, ostensibly so that they may first engage in discovery. After reviewing the parties' Stipulation, the Court finds that they have not presented good cause for extending the deadline and accordingly **DENIES** the Stipulation.

　　　　District courts have broad discretion over the class-certification process, including whether to extend the deadline and permit certification-related discovery. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). A party is not entitled to certification discovery, though the pleadings alone often do not suffice to resolve the certification question. *Id.* Further, when a district court sets a

deadline, the party seeking to alter that date must present good cause for the change. Fed. R. Civ. P. 6(b)(1).

The parties acknowledge that under Local Rule 23-3, Pacleb has until June 1, 2014, to move for class certification—90 days after Pacleb served Defendants with the First Amended Complaint.[1] (*See* ECF No. 14.)  They further state that Defendants have yet to file a responsive pleading and therefore have also not submitted their joint Rule 26(f) report.

While Federal Rule of Civil Procedure 23 does not include a time period, Local Rule 23-3 provides that within "90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  The plain language of the Local Rule is clear and unambiguous.  To permit extension of the 90-day deadline would frustrate Rule 23(c)(1)(A)'s directive, which requires the court to determine at "an early practicable time . . . whether to certify the action as a class action."

Sound practical considerations undergird the demand for a timely class-certification motion.  A representative plaintiff's delay in filing for class certification impedes the court's consideration of the issue and—more importantly—can prejudice the rights of the class members.  Indeed, "pertinent statutes of limitation may be running and important interests may be exposed to injury or destruction." *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006).  While the determination of class certification is delayed, members of a putative class "may be led by the very existence of the lawsuit to neglect their rights until after a negative ruling on this question—by which time it may be too late for the filing of independent actions." *Id.*  Of course, these harms are not a concern if the action is ultimately

///

---

[1] It does not appear that Pacleb ever served Defendants with his original Complaint. The Court therefore need not opine whether a different deadline would have resulted had that been the case.

determined to be properly maintainable as a class action. But that can be known only after the class-certification motion is filed and adjudicated.

Permitting the parties to extend the certification filing deadline would subvert the interests of diligence embodied in Rule 23(c)(1)(A). Local Rule 23-3 was written to further Rule 23(c)(1)(A)'s interests. The Court will not craft unnecessary exceptions to hamper them—especially when the parties have not set forth cogent reasons for extending the class-certification deadline.

And if Pacleb cannot timely file a class-certification motion, that raises questions as to whether Pacleb can adequately protect the class's interests as required by Rule 23(a)(4). An inability to timely move for class certification reflects a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of the representation that those class members might expect to receive." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977); *see also Williams v. S. Bell Tel. and Tel. Co.*, No. 77-1895-CIV-WMH, 1978 WL 73, at *2 (S.D. Fla. Apr. 4, 1978) (failure of plaintiff to properly and timely move for class determination "raises serious questions as to whether he will fairly and adequately represent the class and protect their interests."); *Jones*, 243 F.R.D. at 695.

The Court finds that the parties have not presented good cause for extending the class-certification deadline. The Court accordingly **DENIES** the Stipulation Extending Date by Which Plaintiff Must File a Motion for Class Certification. (ECF No. 16.)

**IT IS SO ORDERED.**

March 28, 2014

_____
    **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**